## Loder *v.* Unemployment Compensation Board of Review.

Argued September 13, 1972, before Judges Kramer, Mencer and Rogers, sitting as a panel of three.

*Richard S. Packel,* with him *George M. C. Dole,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

Opinion by Judge Kramer, November 1, 1972:

This is an appeal from an adjudication of the Unemployment Compensation Board of Review (Board) dated December 28, 1971, which disallowed an appeal from the Order of a Referee of the Board. The Referee had affirmed the decision of the Bureau of Employment Security which had disapproved the claim of Marie A. Loder (Loder) for benefits under the Pennsylvania Unemployment Compensation Law, Act of December 5,

1936, 2nd Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §751 et seq.

Loder had been employed by the Fernwood Markets, Inc., in Upper Darby, Pennsylvania, as a cashier, for approximately four and one-half years, and was the head cashier at the time of her separation from employment on August 20, 1971. On this termination date, at about 10:00 a.m., Loder was requested by the personnel director of her employer to attend a meeting at 4:00 p.m., on that date, to discuss "her attitude" toward her job. The meeting was arranged during Loder's work hours. The very brief record made before the Referee, at which hearing Loder was not represented by counsel, is not clear on what transpired at about 2:00 p.m. on the date in question. Loder testified that she would not be able to attend the meeting because she had a headache, and an "employer representative" (not otherwise identified in the record) testified that Loder informed him, "I will have a headache at 4:00 p.m., and I won't be able to attend the meeting." In any event, Loder did not attend the meeting. Loder was advised that if she did not attend the meeting, she could consider her employment terminated.

The record is completely devoid of any evidence concerning employment rules or terms of a contract of employment with Loder, individually or through the labor union of which she was a member. The Referee made the following findings of fact:

"1.   The claimant was last employed by Fernwood Markets, 1742 South State Road, Upper Darby, Pa. 19082, for approximately four and a half years as a cashier at the rate of $3.95 per hour. Her last day of work was August 20, 1971.

"2.   On the claimant's last day of work she was requested to attend a meeting on company time regarding her attitude and behavior.

"3. The claimant informed her employer that she would not attend the meeting.

"4. As a result of the claimant's refusal to attend the meeting she was discharged."

The Referee concluded that Loder's actions constituted "willful misconduct", thereby disqualifying her from receiving benefits under the provisions of Section 402(e), of the Unemployment Compensation Law, 43 P.S. 802(e). This Section provides in pertinent part:

"An employe shall be ineligible for compensation for any week—

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act. . . ."

There can be no question that the findings of the Board or its Referee are to be considered conclusive if supported by the evidence and in the absence of fraud. *See* Section 510 of the Unemployment Compensation Law, 43 P.S. §830. *Also see Progress Manufacturing Company, Inc. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A. 2d 632 (1962). As we have said in prior cases, the credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn from such evidence are for the Board's determination. *See Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972); *Cleaver v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 255, 290 A. 2d 279 (1972).

In keeping with our scope of review, we state that all of the findings of fact of the Referee which were in effect adopted and affirmed by the Board of Review are supported by the evidence in the record. The problem arises, however, that the findings of fact made by

the Referee and the Board, as set forth hereinbefore, do not support the legal conclusions and the final adjudication.

As was stated in the case of *Quinn Unemployment Compensation Case,* 201 Pa. Superior Ct. 152, 191 A. 2d 714 (1963): "The conclusion of the board drawn from those facts, to wit: that the claimant was guilty of willful misconduct, was, in our opinion, primarily a legal conclusion and one which we are in just as good a position to draw as the board." 201 Pa. Superior Ct. at 157, 191 A. 2d at 716. Unfortunately, the Legislature has not defined the phrase "willful misconduct". The appellate courts of this Commonwealth have endeavored to establish the standards to be applied in willful misconduct cases. As a general principle in order to deny unemployment compensation benefits to an employee, his or her action must involve a wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employees, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. *See Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886 (1951). Furthermore, the single instance of an employee refusing to carry out the instructions of an employer may be of such a serious nature that it could be classified as willful misconduct, but a single dereliction of a minor, or casual, or insignificant nature will not constitute willful misconduct. *See Quinn Unemployment Compensation Case, supra; Morgan v. Unemployment Compensation Board of Review,* 174 Pa. Superior Ct. 59, 98 A. 2d 405 (1953). We agree with counsel for the Board of Review when he says that if the conduct clearly discloses breaches of

duties and obligations which are inimical to the employer's best interest, such acts on the part of the employee may constitute willful misconduct. However, we cannot accept the Board's characterization of the acts of Loder in this case to be hostile to her employer's best interests.

The Referee and the Board in this case did not make any finding that Loder had refused to attend any meeting or meetings other than the one described, in violation of her duties, contractual or otherwise, to her employer. The single incident properly found by the Referee is not of sufficient nature that it could be classified as inimical to her employer's best interest. We have carefully reviewed the entire record in this case, and we can come to no other conclusion than that the findings of the Referee and the Board do not in any way support the conclusion that Loder was guilty of willful misconduct which should disqualify her from receiving benefits under the Unemployment Compensation Law. The Order of the Board is hereby reversed.