Walter H. Winkler, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., and MENCER, sitting as a panel of three.

*Edward Van Stevenson, Jr.,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, May 13, 1975:

Walter H. Winkler (claimant), a food brokerage traveling salesman and "set-up" man, was discharged from his employment with Tenser, Phipps and Leeper (employer) because of his failure to report his daily job locations. All of the compensation authorities, the Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review, denied claimant benefits and he therefore appealed to this Court. These authorities all premised their denials on Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, *as amended,* 43 P.S. §802 (e), which provides in part:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ."

Claimant contends that the denial of compensation is not supported by the evidence in the case and that the

record cannot support a conclusion of "willful misconduct." We agree.

We have previously discussed the concept of willful misconduct under Section 402 (e) in *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 296 A. 2d 297 (1972), where we stated:

> "Unfortunately, the Legislature has not defined the phrase 'willful misconduct'. The appellate courts of this Commonwealth have endeavored to establish the standards to be applied in willful misconduct cases. As a general principle in order to deny unemployment compensation benefits to an employee, his or her action must involve a wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employees, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer." 6 Pa. Commonwealth Ct. at 488, 296 A. 2d at 299-300.

We further note that the burden of establishing that a claimant is not eligible for unemployment compensation because of willful misconduct is on the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973).

Claimant contends that the basis for error is in two of the central findings of the Board. These findings are:

> "3. On three prior occasions the claimant had been warned because he changed his schedule and did not notify the office. On the last occasion he was warned that he would be discharged in the event it happened again.
>
> "4. On claimant's last day of work he changed his schedule and did not notify the office and they were

unable to locate him when needed. As a result the claimant was discharged."

In considering these findings, we have kept in mind that our review is limited to questions of law and, absent fraud, to a determination as to whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given the evidence are for the Board to determine. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973).

Claimant's attack on the findings of the Board is premised on the supposition that the only evidence supporting these findings is evidence that is clearly hearsay and that, as hearsay, this evidence is not, standing alone, a sufficient basis to support the findings.

The record indicates that the findings are in fact premised on the Bureau's handwritten summaries of telephone conversations between a Bureau representative and a representative of the employer.[1] These summaries were written on the back of claimant's Summary of Interview sheet, which was admitted into evidence by the referee without claimant's objection. They were completed subsequent to the claimant's interview. Claimant, who was not represented by counsel at the hearing, was unaware of the existence of these comments until the time of this appeal.

We have often held that hearsay testimony admitted without objection may be given its natural probative effect and may support the findings of the Board. Recently, we have extended this rule to include our acceptance of a corroborated hearsay letter from an employer to the Bureau that was, without objection, introduced into evidence at the hearing. *Covell v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 637, 330 A.2d 319 (1975).

---

1. The employer did not testify at the hearing or communicate personally with the Bureau.

However, here we must find that the summaries cannot be a basis for the findings. Claimant had no real opportunity to object to these summaries because he was not aware of their existence at the time of their admission into the record. As signed by claimant, the Summary of Interview was merely a summary of his own statement with a blank back. After claimant executed it, the Bureau then, outside the presence of claimant, used the blank back for its own purposes. Claimant could not object to the subsequent summaries because he was not aware of their existence. Clearly, an uninformed alleged waiver of objection to clear hearsay, based on a misleading submission, cannot be considered as a true waiver. Therefore, any findings of the Board premised on such hearsay cannot stand.

The Bureau contends that, even if these summaries were not admissible and cannot be used as a basis for the findings, the subsequent questioning of claimant at the hearing, on the basis of the information contained in the summaries and the answers elicited from claimant during the questioning, established enough evidence to support the findings. After a thorough reading of the record, we find as a matter of law that the evidence elicited from the claimant at the hearing, without any additional evidence and based on the rejected hearsay summaries, cannot support a finding of willful misconduct.

If anything, the evidence discloses that claimant is being deprived of his benefits because of circumstances beyond his control. The evidence shows that the manner of reporting his location to his employer was never clearly explained to claimant. In some instances, claimant was under the impression that he would be contacted at home at night if the need for contact arose. In other instances, he was obliged to personally contact his supervisor.[2] The facts also show that on the day in question

---

2. The employer gave claimant a great deal of flexibility to personally decide his daily job location. On the day before he was

claimant made at least two unsuccessful attempts to contact his employer and that he failed in these attempts because of circumstances beyond his control.

Finally, the only real evidence introduced, other than the hearsay summaries, concerning the warning of possible discharge and the manner of executing the ambiguous rules came from testimony of the claimant. This testimony is clearly contrary to the Board's findings.

Since there was insufficient testimony in the record to support the two crucial findings of the Board, we issue the following

ORDER

AND NOW, this 13th day of May, 1975, the order of the Unemployment Compensation Board of Review, dated January 11, 1974, relative to the claim of Walter H. Winkler, is hereby reversed.

---

dismissed, claimant was requested by a store to return in order to do a reset. The employer had previously impressed on claimant the high priority a reset was to have over his normal schedule.