Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v*. Richard M. Vojtas, Appellant.

Argued February 5, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

James W. Carroll, Jr., with him Michael A. Donadee, for appellant.

Daniel R. Schuckers, Assistant Attorney General, with him Sydney Reuben. Assistant Attorney General, and Robert P. Kane, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 20, 1976:

On February 11, 1975, appellant was employed by Mobil Oil Company as a dispersion operator and group leader. On that day, prior to the time for work to commence, appellant became involved in an altercation with a fellow employee. The parties to this appeal agree, and our review of the record confirms, that it is not clear how the fight began or who struck the first blow. Appellant did testify that he was aware that it was against company policy to fight on the job.

On February 13, 1975, appellant was dismissed for "fighting on the job." The following day, he applied for unemployment compensation benefits. The Bureau of Employment Security denied the benefits. On March 4, 1975, an appeal was taken to the referee who, after a hearing, similarly denied benefits. That decision was appealed to the Unemployment Compensation Board of Review (Board) which affirmed. It is the Board's decision which is now on appeal to this Court.

Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802 (e), disqualifies any claimant who is discharged due to "willful misconduct connected with his work". Appellant contends the record in the instant case does not contain substantial evidence to support a finding of willful misconduct connected with his work. We cannot agree.

The findings of fact of the Board are binding on this Court if supported by substantial evidence, with matters

of credibility and weight left to the Board. *Progress Manufacturing Co., Inc. v. Unemployment Compensation Board of Review*, 406 Pa. 163, 176 A.2d 632 (1962) ; *Winkler v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 49, 338 A.2d 770 (1975). The appellant's own testimony supports the finding that he was discharged for fighting on the job in violation of company policy.

Appellant asserts that his conduct falls short of willful misconduct in that it was unintentional and not in substantial disregard of the employer's interest. Willful misconduct is a wanton or willful disregard of the employer's interest, a deliberate violation of rules, a disregard of behavior standards an employer can rightfully expect or negligence such as to manifest culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Unemployment Compensation Board of Review v. Filips*, 18 Pa. Commonwealth Ct. 478, 336 A.2d 667 (1975) ; *Millersville State College v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 238, 335 A.2d 857 (1975) ; *Lipshutz v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 180, 334 A.2d 810 (1975).

Appellant's contention that an employee who engaged in a fight, unsure of whether or not he struck the first blow, on the employer's premises after he has punched in but before the time to begin work, engages in conduct not connected with his work is without merit. Further, participation in a fight with the knowledge that such activity is contrary to company policy is intentional misconduct, substantial misconduct, and in deliberate violation of the employer's rules. *Even without a stated policy*, this type of conduct is in total disregard of the employer's interest and of the most basic standards of behavior which any employer demands.

Accordingly, we enter the following

**434**

Now, February 20, 1976, the order of the Unemployment Compensation Board of Review, affirming the referee's denial of benefits to Richard M. Vojtas, is affirmed.