Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Stephen Iacano, Appellant.

Argued March 4, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three. Reargued March 8, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph N. Bifano,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, May 12, 1976:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) denying benefits to Stephen Iacano (appellant) on the ground that he had been discharged for willful misconduct within the meaning of the Unemployment Compensation Law[1] (Act). Section 402(e) of the Act, 43 P.S. §802(e), provides in part:

An employe shall be ineligible for compensation for any week—

: . . .

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

Appellant contends that the Board's findings of fact are not supported by substantial evidence. Further, he asserts that those findings, as a matter of law, are insufficient to support a conclusion of willful misconduct. We agree and therefore reverse and remand.

Willful misconduct has been judicially explained as follows:

As a general principle in order to deny unemployment compensation benefits to an employee, his or her action must involve a wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employees, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer.

*Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 488, 296 A.2d 297, 299-300 (1972).

It is well settled that the burden of proving willful misconduct is on the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). In the instant case, the employer did not appear before either the referee or the Board. At the hearing before the referee, at which appellant was not represented by counsel, the only evidence that appellant had been discharged for willful misconduct

(drinking on the job) came from the referee himself. Undoubtedly, the referee based his conclusion on information set forth on the reverse of the Summary of Interview sheet completed by the Bureau of Employment Security. That information, in turn, was elicited by a telephone call to the employer. There is no showing that appellant was aware of the information on the reverse of the summary sheet; yet it seems to be the only evidence that claimant was discharged for willful misconduct. Under these circumstances, we have held that a finding based entirely on such information cannot stand. *See Winkler v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 49, 338 A.2d 770 (1975). An employer should not depend on the referee to put forward information to support the employer's burden of proof, nor should the referee be placed in such a position.

Our decision, however, does not rest on this ground alone since we conclude also that, even if the finding that appellant was discharged for drinking on the job could be based on the summary sheet notations, it would be insufficient, as a matter of law, to constitute willful misconduct under the Act. Recently, the Pennsylvania Supreme Court has stated that the issue in willful misconduct cases ''is not whether the employer had the right to discharge for the questioned conduct of the employee, but rather whether the State is justified in reinforcing that decision by denying benefits under this Act for the complained of conduct.'' *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 86, 351 A.2d 631, 634 (1976) (footnotes omitted). In examining this issue, we must keep in mind that the purpose of the Act is remedial in nature and must be liberally construed. *Lattanzio v. Unemployment Compensation Board of Review*, 461 Pa. 392, 336 A.2d 595 (1975).

At the hearings, appellant did not deny that he had sipped one glass of wine at work on December 31, 1974 but explained that he was given the wine by the bartender (who was acting as a manager according to appellant) in the hope that it would relieve the pain and nausea appellant claimed to be suffering as the result of a tooth extraction. Such an unrebutted explanation, we believe, tends to establish facts which could constitute good cause for the alleged willful misconduct.

> The rationale upon which this concept of good cause was developed was that where the action of the employee is justifiable or reasonable under the circumstances it can not be considered wilful misconduct since it can not properly be charged as a wilful disregard of the employer's [interest] or rules or the standard of conduct the employer has a right to expect.

*Frumento, supra,* 466 Pa. at 87, 351 A.2d at 634. Applying this concept to the facts of this case, we find that the Board erred in denying benefits to appellant. Appellant's actions were not the sort of drinking generally proscribed by rules against drinking on the job.[2] It is also uncontested that the manager became aware of appellant's behavior at the time and neither reprimanded nor warned him, although he did question appellant about his actions. Furthermore, appellant was not fired immediately or on the next day but was told not to report to work for unspecified reasons two days after the incident. We hold that where the employer introduces no evidence of willful misconduct and a claimant offers an explanation for his actions which could constitute good cause, the Board cannot, as a matter of law, find that the claimant

---

[2] It is interesting to note that the only testimony concerning a rule against drinking is appellant's statement to the effect that everyone knew he should not drink on the job.

should be denied benefits because he or she was discharged for willful misconduct. Under the totality of facts and circumstances in this case and mindful of the decision in *Frumento, supra,* we find that appellant is entitled to unemployment benefits for the weeks in question.

Therefore, we make the following

ORDER

Now, this 12th day of May, 1976, the order of the Unemployment Compensation Board of Review in the above named matter is reversed and the record remanded for action by the Board consistent with the above opinion.

Judge KRAMER did not participate in the decision in this case.

_____

OPINION BY JUDGE MENCER, May 11, 1977:

In *Unemployment Compensation Board of Review v. Iacano,* 30 Pa. Commonwealth Ct. 51, 357 A.2d 239 (1976), we held that, where the employer introduces no evidence of willful misconduct and a claimant offers an explanation for his actions which could constitute good cause, the Unemployment Compensation Board of Review (Board) cannot, as a matter of law, find that the claimant should be denied benefits because of willful misconduct.

We based our decision on a record that revealed the failure of the employer to meet his burden of proving willful misconduct[1] and the good-cause rationale expounded by our Supreme Court in *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

_____

[1] *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The Board filed a petition for reargument in which it asserted that this Court's "interpretation of Frumento may have been correct, yet it may have been too sweeping, too broad" and requested "the opportunity of arguing that Frumento must be strictly interpreted."

We granted reargument, which was held before the Court en Banc. In addition, we have once more carefully reviewed the entire record, and we continue to be satisfied that the employer in this case failed to meet his burden of proving willful misconduct on the part of the claimant. Accordingly, our order reversing the Board and remanding the record to enable the awarding of benefits to the claimant will not be set aside.

The very peculiar facts and circumstances of the instant case[2] justify our reliance on the good-cause concept utilized in *Frumento v. Unemployment Compensation Board of Review, supra.* However, we do recognize the importance of being mindful that willful misconduct represents a disregard of standards of behavior which the employer has a right to expect of an employe. As our Supreme Court in *Frumento* said:

Thus, not only must we look to the *employee's reason for noncompliance* we must also evaluate the *reasonableness of the request in light of all of the circumstances.* To accommodate this end the Superior Court developed a concept of good cause. . . . The rationale upon which this concept of *good cause* was developed was that *where the action of the employee is justifiable or reasonable under the circumstances* it can not be considered wilful misconduct since it can not properly be charged as a wilful disre-

---

[2] The facts and circumstances are set forth in *Unemployment Compensation Board of Review v. Iacano, supra.*

gard of the employer's intents or rules or the standard of conduct the employer has a right to expect. (Citations omitted and emphasis added.)

466 Pa. at 87, 351 A.2d at 634.

Therefore, we make the following

ORDER

Now, this 11th day of May, 1977, the order of this Court in the above captioned case, under date of May 12, 1976, is hereby confirmed.