Theodore Wisniewski, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Andrew F. Erba,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 15, 1978:

Petitioner (claimant) appeals respondent's (Board's) order denying him benefits on the ground of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The incident which precipitated claimant's discharge occurred on August 29, 1975, when claimant, a carburetor inspector, noticed another employee, apparently less senior to claimant and doing work other than that within his job classification, and asked him for assistance. According to claimant's own testimony, the other employee "began mouthing off" and "called me a dirty bastard," upon which claimant pushed him "[a]bout a couple of feet, that's all." The other employee did not strike back and the incident ended. Claimant worked the remainder of that day and, on the next working day, was called to a meeting at which claimant's employer, a union representative, and the other employee's supervisor were present. Claimant was discharged at that meeting.

The Bureau of Employment Security (Bureau) denied benefits under Section 402(e) of the Law, 43 P.S. §802(e)—willful misconduct. On appeal the referee found that no blows were struck and no assault was perpetrated but the claimant did "raise his arm to threaten" the other employee and on this basis af-

firmed the Bureau. On further appeal the Board rejected the finding that no blows had been struck and no assault perpetrated but found that claimant had pushed the other employee as well as raised his arm to threaten him. This appeal followed the Board's denial of benefits.

We cannot find support in the record for the finding of fact that claimant "raise[d] his arm to threaten" the other employee. Therefore, we must decide whether claimant's pushing the other employee, which he candidly admits doing, is sufficient under the circumstances to support a finding of willful misconduct. In *Beville v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 371, 327 A.2d 197 (1974), we held that a deliberate assault upon a fellow worker on the employer's premises, even by an employee with an otherwise satisfactory work record (as apparently claimant's is here), clearly falls within the definition of willful misconduct.

Claimant argues that he had good cause for his conduct and therefore the matter must be remanded for a specific finding on the issue of good cause under the rule of *Unemployment Compensation Board of Review v. Crilly*, 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976). The record does not show nor does claimant allege any "good cause" beyond the other employee calling him a "dirty bastard." As held by our Superior Court in *Thorne Unemployment Compensation Case*, 167 Pa. Superior Ct. 572, 575, 76 A.2d 485, 487 (1950), "[a]ppellant's conduct was not excusable even had the [B]oard found insulting words were spoken. Words, however gross and abusive, do not justify an assault and battery." We cannot find in the record the "concerted efforts of harassment" that justified the conduct of the claimant in *Nehi Bottling Co. v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 251, 253-54, 366 A.2d 594,

595 ·(1976), which claimant here cites as analogous. Because claimant's allegations of "good cause" are insufficient as a matter of law, the fact that the employer offered no evidence to rebut such allegations does not require remand. *Cf. Unemployment Compensation Board of Review v. Iacano*, 30 Pa. Commonwealth Ct. 51, 357 A.2d 239 (1976), *confirmed on reargument*, 30 Pa. Commonwealth Ct. 56, 372 A.2d 1267 (1977).

Accordingly, we will enter the following

ORDER

Now, March 15, 1978 the order of the Unemployment Compensation Board of Review No. B-136858, dated November 15, 1976, is hereby affirmed.