James Gallagher, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Southeastern Pennsylvania Transportation Authority, Respondents.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Joseph C. Hare*, with him *David C. Harrison*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, May 1, 1979:

James Gallagher (claimant), a trainman employed by the Southeastern Pennsylvania Transportation Authority (SEPTA), appeals the denial of unemployment compensation benefits by the Unemployment Compensation Board of Review (Board) on the ground of willful misconduct. We affirm.

On January 31, 1976, claimant finished work at 4:30 p.m. About midnight, he returned to the SEPTA terminal to inquire whether work was available the following day and to talk with a fellow employee, John Crompton, who allegedly was assigning claimant defective buses. Claimant asked Edward McGuigan, a security guard, where Crompton was and then waited at a rear gate to the terminal to meet Crompton as he

left work. When informed about claimant's presence by McGuigan, Crompton, anticipating a confrontation, requested that McGuigan accompany him to his car. After taking Crompton to his car, McGuigan walked back to the premises past claimant who had been standing nearby. Claimant observed that McGuigan had a blackjack in his hand and became enraged because he believed McGuigan was trying to intimidate him. Claimant testified that "as he [McGuigan] was walking away . . . I hollered obscenities—whatever you holler when you're mad—and I started screaming at him —and I was jawing at him—I was looking up at him screaming at him—telling him I wasn't afraid of him or his blackjack—and I turned my back to him and I started walking away and calling him some more obscenities. . . ." McGuigan testified that claimant said, "I don't know what you have—a blackjack or what but a bullet is faster than a blackjack and if you're going to protect [Crompton], I'm going to shoot you. . . ." There was no physical encounter and there was no evidence that claimant had a gun. After an investigation, claimant was discharged for initiating an altercation with a security guard on company premises.[1]

Willful misconduct has been defined to include a disregard of standards of behavior which the employer has a right to expect of an employee. *See Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976).

Claimant argues that his conduct does not constitute willful misconduct because he (1) was off duty, (2) did not engage in a physical assault, and (3) did not know that McGuigan was a security guard.

---

[1] Claimant correctly challenged the referee's third finding of fact which was that claimant's conduct was in violation of company regulations. There is no evidence in the record to support this, and we therefore disregard the finding as the Board did in its brief.

In order for off-duty conduct to amount to willful misconduct on the part of an employee, it must, of course, be connected with his work. *Gallagher v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978). We believe that claimant's altercation on the employer's premises with a fellow employee who was on duty was indeed connected with his work. *Cf. Unemployment Compensation Board of Review v. Vojtas,* 23 Pa. Commonwealth Ct. 431, 351 A.2d 700 (1976) (employee who engaged in fight on employer's premises with another employee before the time to begin work was held to have engaged in conduct connected with his work).

This Court has held that unprovoked offensive or vulgar language directed at a supervisor may constitute willful misconduct. *Fields v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 200, 300 A.2d 310 (1973). In addition, threats of physical harm directed at a supervisor in anger during a dispute have been held to constitute willful misconduct. *Unemployment Compensation Board of Review v. Lee,* 20 Pa. Commonwealth Ct. 154, 340 A.2d 586 (1975). Despite the fact that McGuigan was not claimant's supervisor, we believe that his unprovoked abusive language and threats of physical violence directed toward a fellow employee constituted conduct which creates discord and disrupts orderly and efficient operations. As such, claimant's conduct was inimical to his employer's interest and demonstrated a disregard of standards of behavior which SEPTA had a right to expect of its employees. *Cf. Jarema Unemployment Compensation Case,* 196 Pa. Superior Ct. 70, 173 A.2d 698 (1961) (claimant who directed offensive language at fellow employee which resulted in claimant alone being struck was guilty of willful misconduct); *Wisniewski v. Unemployment Compensation Board of Re-*

*view,* 34 Pa. Commonwealth Ct. 332, 383 A.2d 254 (1978) (claimant who pushed a fellow employee after being called an insulting name was guilty of willful misconduct).

We do not believe it is crucial whether claimant knew McGuigan was a security guard since he acknowledged that he believed McGuigan was a fellow SEPTA employee. Under these circumstances, we affirm the Board's finding of willful misconduct.

### ORDER

AND Now, this 1st day of May, 1979, the order of the Unemployment Compensation Board of Review, dated August 24, 1977, denying benefits to James Gallagher, is affirmed.