Theodore A. Sisak, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Richelle D. Hittinger,* with her, *William G. Kozub, Kashkashian, Kellis, Kozub & Krant,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her, *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY PREIDENT JUDGE CRUMLISH, October 27, 1980:

A Pennsylvania Unemployment Compensation referee awarded benefits to Theodore Sisak. The Board reversed on the basis of willful misconduct.[1] We affirm.

---

[1] Although Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), controls compensation ineligibility for "willful misconduct" initiated discharges, only our Courts have sought a definition:

> For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employes, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employe's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-9 (1973).

Sisak was a United States Postal Service employee for 13 years. Subsequent to a verbal confrontation with his immediate supervisor (Mr. Nickler), Sisak sent a threatening letter to a superior in the Postal Service.[2]

Sisak was advised of his removal for threatening a supervisor and denied unemployment compensation as a result of his willful misconduct.

Sisak argues that his actions not only lacked the requisite "consciousness of wrongdoing" necessary for willful misconduct, *Unemployment Compensation Board of Review v. Bacon,* 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976), but that it did not rise to the levels of conduct cited in *Gallagher v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 344, 400 A.2d 926 (1979) [off-duty employee's unprovoked abusive language and threats of violence toward a fellow employee on employer's premises]; *Unemployment Compensation Board of Review v. Lee,* 20 Pa. Commonwealth Ct. 154, 340 A. 2d 586 (1975) [employee threatened supervisor with bodily harm after he refused to allow punching of time card for overtime]; and *Wilson v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 314, 325 A.2d 500 (1974) [employee threatened plant manager with bodily injury with alleged intent to frighten him]. This contention is without merit.

This Court has put no measurable perimeters on what constitutes a threat of violence sufficient to warrant a denial of benefits based on willful misconduct. We consider each case in its own factual matrix. Although Sisak's threat may not have been delivered

---

[2] In the letter, Sisak stated that "Nickler is a psychiatric case, a con-artist, and a damm [sic] liar. If he so much as says a word to me their [sic] will be violence."

directly to his immediate boss or couched in vulgar or explicit language, he wrote the letter, leaving no doubt as to the object of his venom and indeed threatened violence.

In denying benefits, the Board's decision accepted witness testimony to conclude that the letter's language was a threat to the supervisor.[3] The record unquestionably disclosed substantial evidence to support the finding of willful misconduct.

Affirmed.

### ORDER

The Unemployment Compensation Board of Review, dated April 26, 1979, denying benefits to Theodore Sisak is hereby affirmed.

---

[3] The Board must weigh evidence and determine the credibility of witnesses, *Borlak v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 489, 326 A.2d 659 (1974), and findings supported by substantial evidence are binding on this Court. *Simet v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 85, 396 A.2d 893 (1979).