Joanne J. Watson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Jeremy T. Ross,* with him *Neil E. Jokelson, Jokelson & Rosen, P.C.,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *Richard L. Lengler,* Law Student Intern, *Michael Klein,* and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 9, 1982:

Joanne J. Watson (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying benefits to Claimant pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of De-

cember 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), the willful misconduct provision. We affirm.

Claimant was last employed as a pension plan administrator for Retirement Plans of America (Employer), a position she held from September 25, 1980 until November 10, 1980. Before the referee, Joann LaVerghetta, a vice-president for Employer, testified that Claimant had been dismissed from this job because of poor work performance and because she had threatened to do violence to her director, Steven Singer. Claimant, for her part, testified that her poor work performance was attributable to the fact that she was not told how to do her job, and denied ever threatening Mr. Singer. After evaluating this conflicting evidence, the referee made the following pertinent findings of fact:

2. During the course of her employment, claimant became hostile to the criticisms of the Director.

3. In a meeting with the Vice-President on November 7, 1980, claimant threatened to do violence to the Director, and added she "wasn't kidding."

4. Claimant was terminated from this employment for unsatisfactory work and for threats of violence.

The referee then concluded from these findings that Claimant's actions fell below the standards of behavior which her employer would rightfully expect, and that she was therefore disqualified from receiving benefits by Section 402(e). The Board subsequently affirmed this determination and the present appeal followed.

Before this Court, Claimant initially alleges that there is not substantial evidence of record to support a

finding that her work was unsatisfactory or that she threatened to do violence to Mr. Singer.[1] We disagree.

Initially we note that it is clear from reading the referee's decision in this case that the Board based its conclusion of willful misconduct on the fact that Claimant threatened her supervisor and not on any finding that Claimant's work was unsatisfactory. Hence, the question of whether there is substantial evidence of record to support a finding that Claimant's work was unsatisfactory is irrelevant to the issue before us.[2]

As to Claimant's assertion that there is not substantial evidence of record to support the Board's finding that she threatened to do violence to Mr. Singer, we note that this finding was fully supported by the testimony of Ms. LaVerghetta, the person to whom the threat was communicated. Although Claimant did deny making this threat in her testimony before the referee, the resolution of such conflicts in testimony are within the sole province of the unemployment compensation authorities, and will not be disturbed on appeal. *Rice v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 592, 338 A.2d 792 (1975).

---

[1] Where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to determining "whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence in the record." *Dudash v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 186, 189, 432 A.2d 1150, 1151 (1981).

[2] We note that although her testimony is somewhat confusing on this issue, Ms. LaVerghetta testified that Employer "would have worked with [Claimant]" if Claimant's only problem had been her work performance. Hence, "but for" Claimant's threat she would have remained employed, and this threat therefore constitutes a possible basis for concluding that Claimant engaged in disqualifying willful misconduct.

Next, Claimant asserts that the Board erred as a matter of law by concluding that her threat to do violence to Mr. Singer constituted disqualifying willful misconduct. We disagree.

This Court has repeatedly held that an individual's behavior in threatening to do violence to a fellow employee falls below the standard of conduct which an employer can rightfully expect of an employee, *Sisak v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 366, 421 A.2d 512 (1980); *Gallagher v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 344, 400 A.2d 926 (1979); *Unemployment Compensation Board of Review v. Lee*, 20 Pa. Commonwealth Ct. 154, 340 A.2d 586 (1975); *Wilson v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 314, 325 A.2d 500 (1974), and it is irrelevant that the threat was communicated to a third person, and not the object of the threat. *Sisack; see also Wilson.*

Accordingly, we will enter the following

ORDER

Now, August 9, 1982, the order of the Unemployment Compensation Board of Review dated February 19, 1981, Decision No. B-192343, is affirmed.

Judge MENCER did not participate in the decision in this case.