Robert J. Clark, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 16, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Kathleen Wasek,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, November 9, 1982:

The Claimant[1] in this unemployment compensation case was discharged from his employment for engaging in a fight with another employee on their Employer's[2] premises and was denied unemployment compensation benefits on the ground of his willful misconduct.[3]

---

[1] Robert J. Clark.

[2] Lab Procedures, Inc.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

This Court has previously stated

[P]articipation in a fight with the knowledge that such activity is contrary to company policy is intentional misconduct, and in deliberate violation of the employer's rules. *Even without a stated policy,* this type of conduct is in total disregard of the employer's interest and of the most basic standards of behavior which an employer demands. (Emphasis in original.)

*Unemployment Compensation Board of Review v. Vojtas,* 23 Pa. Commonwealth Ct. 431, 433, 351 A.2d 700, 702 (1976).

There is substantial evidence in the record to support the Board's finding in the instant case that Claimant struck another employee during the course of a heated argument. He also admits that he was aware of his Employer's rule against fighting at work.

Nonetheless, Claimant alleges he feared for his safety and acted in self defense. This he contends, was good cause and since the Board made no specific finding on the issue of good cause, a remand should be ordered. We disagree.

In *Boyer v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 191, 415 A.2d 425 (1980), we held that where there is nothing in the record to indicate that claimant's actions were reasonable or justifiable under any circumstances, the Board does not err where it concludes that a claimant's conduct constitutes willful misconduct, even though the Board does not set forth specific findings of fact and conclusions of law on the issue of good cause. In the instant case, if Claimant truly feared for his safety, he could have retreated from the altercation but he did not; instead, he advanced toward the other party. Here, as in *Boyer,* the Claimant's actions were not reasonable or justifiable under any circumstances; hence, it

was unnecessary for the Board to address the issue of good cause. *Boyer.*

Order affirmed.

### ORDER

It is ordered that the order of the Unemployment Compensation Board of Review, denying benefits to Robert J. Clark, dated June 9, 1981, and numbered B-195946 is hereby affirmed.