Dennis N. Carlson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Caln Township, Intervenor.

Submitted on briefs February 3, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*W. Richard Gentry,* for petitioner.

No appearance for respondent.

*John E. Good Associates,* Township Solicitor, for intervenor.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 8, 1983:

The Unemployment Compensation Board of Review affirmed a referee's denial of benefits to Dennis N. Carlson (Carlson). We affirm.

Carlson was fired from his position as Caln Township's manager.[1] The township commissioners alleged that Carlson had committed various acts of willful misconduct[2] which amounted to insubordination. Carlson applied for benefits after his dismissal.

Where the burdened party[3] prevailed below, our scope of review is limited to legal questions and a determination of whether the Board's findings are supported by substantial evidence. *Maxwell v. Unem-*

---

[1] Caln Township is located in southwestern Chester County, outside of Coatesville.

[2] Despite plain admonitions to keep the Board of Commissioners informed on Township matters, and particularly the maintenance of the petty cash fund, Carlson not only failed to apprise the Board of a sizeable shortage in the fund, but attempted to have other employees make up the shortage. This followed a series of episodes in which Carlson was insubordinate and failed to consult with the professionals charged with responsibility for certain areas of Township business.

[3] The burden of proving willful misconduct is on the employer. *S.E.P.T.A. v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 10, 422 A.2d 905 (1980).

ployment Compensation Board of Review, 54 Pa. Commonwealth Ct. 604, 605, 423 A.2d 430, 431 (1980).

Willful misconduct, we have said, is an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the behavioral standards which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer. *Sisak v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 366, 367 n. 1, 421 A.2d 512 n. 1 (1980).

The referee found, and the Board affirmed, that Carlson's actions constituted willful misconduct under Section 402(e).[4] Carlson, while admitting the acts, contended that they were meaningless usual management disagreements. The witnesses' credibility and the weight to be accorded to their testimony is for the unemployment compensation authorities to determine. *Caterina v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 19, 401 A.2d 852 (1979). The Board agreed with the referee's findings that Carlson's conduct was similar to the type in *Sisak* and constituted willful misconduct. There is substantial evidence in the record to support this conclusion.

Affirmed.

---

[4] Section 402(e) provides as follows:

"An employe shall be ineligible for compensation for any week—

. . . .

(e)  In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act . . . ."

Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

ORDER

The Unemployment Compensation Board of Review decision, No. B-197805 dated July 30, 1981, is hereby affirmed.

