Jenesta Jones, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Harold I. Goodman,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 22, 1983:

In this unemployment compensation appeal Jenesta Jones (Claimant) challenges her denial of unemployment compensation benefits on the ground of willful misconduct.[1] Claimant was discharged from her employment for engaging in a fight with another employee on their Employer's[2] premises. We affirm.

There is substantial record evidence to support the referee's findings[3] that Claimant and another employee engaged in a verbal and physical altercation on Claimant's last day of employment. During the course of the fight the co-worker, a male, pushed Claimant over a chair whereupon Claimant picked up a metal pipe and struck the co-worker on his back causing injury and bleeding. Both the Claimant and her co-worker were fired as a result of the altercation.

Claimant acknowledged in her testimony that she was aware of her Employer's rule that fighting on company premises is cause for immediate dismissal. We have recognized that:

> [P]articipation in a fight with the knowledge that such activity is contrary to company policy is intentional misconduct, substantial miscon-

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] United States Banknote Corporation.

[3] The Unemployment Compensation Board of Review (Board) affirmed the referee's findings without alteration.

duct, and in deliberate violation of the employer's rules.

*Unemployment Compensation Board of Review v. Vojtas,* 23 Pa. Commonwealth Ct. 431, 433, 351 A.2d 700, 702 (1976). Applying this standard, Claimant's actions would appear to constitute willful misconduct. Claimant, however, contends that her actions were done in self-defense and that her assault on the co-worker was with good cause. We cannot agree.

Although neither the Board nor the referee made a specific finding on the issue of good cause, we have previously held that where there is nothing in the record to support a conclusion that a claimant's actions were reasonable or justifiable under any circumstances, the Board and referee need not set forth specific findings on the issue of good cause. *Clark v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 626, 452 A.2d 106 (1982). In the instant case the referee specifically found that Claimant's supervisor was available for assistance at all relevant times but that Claimant did not seek her assistance when the co-worker began to verbally harass Claimant. Here, as in *Clark,* Claimant could have retreated and sought assistance if she feared for her safety; instead she willingly continued and, in fact, escalated the confrontation. We conclude that Claimant's actions were not reasonable or justifiable under any circumstances and that it, therefore, was unnecessary for the unemployment compensation authorities to address the issue of good cause.

Order affirmed.

## ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-207187, dated June 24, 1982, is hereby affirmed.