**Kovalenko v. Call-Chronicle Newspapers Inc.**

*Craig Smith,* for plaintiff.
*Malcolm Gross,* for defendants.

FREEDBERG, *J.* March 30, 1988—This matter is before the court for disposition of defendants', Call-Chronicle Newspapers Inc. and Edward R. Laepple, motion for summary judgment raising the contention of collateral estoppel.

Anne E. Kovalenko, plaintiff, is a former employee of defendant newspaper. Plaintiff filed a complaint against defendants claiming assault and battery, and wrongful discharge. On July 12, 1985, plaintiff became involved in an argument with a co-worker. The argument was a continuation of a dispute which began on July 11, 1985. The dispute in-

volved plaintiff's use of the newspaper's computer system for a purpose that was unrelated to work. When the argument between plaintiff and the co-worker became disturbing to the other employees, defendant Laepple, the Bethlehem bureau chief, told both employees to return to work.

Shortly thereafter, plaintiff and Laepple began to argue. During the course of the argument, plaintiff slapped Laepple across the face. Then, Laepple immediately discharged plaintiff. Plaintiff filed for unemployment compensation, which benefits were denied by the office of employment security (OES). Plaintiff then appealed to the unemployment compensation referee. After a hearing before the referee, the referee also denied benefits to plaintiff based upon willful misconduct. 43 P.S. §802(e). The Unemployment Compensation Board of Review affirmed the referee, the Commonwealth Court affirmed the board. Plaintiff's claim is presently on appeal to the Supreme Court. Plaintiff then filed a complaint against defendants alleging assault and battery, and wrongful discharge. Defendant's subsequently filed a motion for summry judgment.

The events of plaintiff's argument with Laepple constitute the dispute in this case. Plaintiff claims that she slapped Laepple in self-defense because Laepple "without provocation or justification and with the intent to frighten and subdue plaintiff, forcefully and violently seized plantiff's arm and shook her . . . ." Plaintiff alleges that Laepple's action constitutes an assault and battery. Defendants contend, and the referee and board found, that plaintiff pointed her finger at Laepple. Laepple then grabbed plaintiff's arm and put it down. Plaintiff followed by slapping Laepple in the face without cause

or provocation.[1] Defendants argue that they are now entitled to summary judgment because plaintiff is collaterally estopped from relitigating the facts found in the prior unemployment compensation proceeding.

Summary judgment should only be granted if the pleadings, deposition, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Community Medical Services of Clearfield Inc. v. Local 2665, AFSCME, AFL-CIO* 292 Pa. Super. 238, 437 A.2d 23 (1983). The moving party has the burden of proving that there is no material issue of fact, and the court must accept as true all well-pleaded facts in the non-moving party's pleadings and examine the record in a light most favorable to the non-moving party. *LeGrand v. Lincoln Lines Inc.* 253 Pa. Super. 19, 384 A.2d 955 (1978); *Nash v. Chemetron Corp.,* 246 Pa. Super. 595, 371 A.2d 992 (1977). All doubts as to the existence of a genuine issue of fact must be resolved against the moving party. *Herskovitz v. Vespico,* 238 Pa. Super. 529, 362 A.2d 394 (1976). Summary judgment should only be granted in a clear case. *Just v. Sons of Italy Hall,* 240 Pa. Super. 416, 368 A.2d 308 (1976).

Defendants argue that plaintiff's claim is barred by collateral estoppel because the facts concerning her fight with Laepple were litigated through her

---

1. The board made the following pertinent findings of fact: "(10) The claimant extended her arm and pointed her finger in the face of the bureau chief who grabbed the claimant's arm and put it down. The claimant then slapped the bureau chief's face." "(12) Claimant's action was not justified or with good cause." These findings affirmed the decision of the referee.

prior unemployment compensation proceedings. A claim is barred by collateral estoppel if:

"(1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a final judgment on the merits, (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom it is asserted has a full and fair opportunity to litigate the issue in question in a prior action." *Balsbaugh v. Zeck,* 92 Pa. Commw. 627, 500 A.2d 208 (1985), citing *Safeguard Mutual Ins. Co. v. Williams*, 463 Pa. 567, 345 A.2 664 (1975). Thus, if collateral estoppel applies, any question of fact essential to the judgment which is litigated and determined by a valid and final judgment, "is conclusive between the parties in a subsequent action on a different cause of action." *Thompson v. Karastan Mills,* 228 Pa. Super. 260, 323 A.2d 341 (1974).

We must first determine whether collateral estoppel applies to the findings of the unemployment compensation referee and board. In *Shaffer v. Pullman Trailmobile,* 368 Pa. Super. 199, 533 A.2d 1023 (1987), the Superior Court cited *Philadelphia Electric Co. v. Borough of Lansdale,* 283 Pa. Super. 378, 424 A.2d 514 (1981) and held:

"[T]he application of res judicata principles is not precluded merely because administrative proceedings are involved and where an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate the courts will not hesitate to apply res judicata principles." The court further held that this rule also applies to collateral estoppel principles.

The plaintiff argues that because there is no case law involving collateral estoppel and unemployment

compensation proceedings, and that unemployment compensation law itself is unique, collateral estoppel principles should not be applied to unemployment compensation proceedings. However, the rule cited in *Shaffer* (involving workmen's compensation) and *Philadelphia Electric* (involving the PUC) does not distinguish between the various types of administrative agencies. Furthermore, in *Nicklos v. Firestone Tire & Rubber Co.*, 346 F.Supp. 185 (E.D. Pa. 1972), which was cited with approval by the Superior Court in *Shaffer, supra,* the federal District Court granted the employer's motion for summary judgment based upon the exclusivity provisions of the workmen's compensation law[2] and the doctrine of collateral estoppel. The court held that had the claim not been barred by the exclusivity provisions, it would have been barred by the collateral estoppel doctrine. Thus, the application of collateral estoppel to findings in workmen's compensation cases is not based solely upon the exclusivity provisions of that act. See *Nicklos*, 346 F.Supp. at 125. Therefore, we reject plaintiff's argument that the absence of an exclusivity provision in the unemployment compensation act is determinative of the collateral estoppel issue.

In her brief, plaintiff addresses only one of the elements of collateral estoppel. She argues that the issue decided in the unemployment compensation proceeding is not identical with the one presented in the instant action. Plaintiff argues that the findings of the referee are too vague to support defen-

---

2. The Pennsylvania Workmen's Compenation Act, 77 P.S. §481(a) provides that "the liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees. . . ." There is no such exclusivity provision in the Pennsylvania Unemployment Compensation Law.

dants' motion, and that the issue before the referee was not whether an assault and battery was committed, but whether plaintiff acted in disregard of defendants' best interest. Because plaintiff has based her argument on the element of issue identity only, we will not address at length the other issues relevant to the collateral estoppel doctrine.[3]

While plaintiff is seeking different relief in the two proceedings, we find that the issues presented are identical. "Where the issue of two proceedings is the same, the fact that relief sought in the second is different from that sought or obtained in the first will not prevent the bar by collateral estoppel of the relitigation of the issue." *Balsbaugh, supra.* The identical issue presented in this case is whether plaintiff's actions in slapping Laepple were justified by a prior assault on plaintiff by Laepple.

After reviewing the record before the referee, we find the factual issue of whether plaintiff was assaulted by Laepple was before the referee. In her testimony, plaintiff stated that Laepple began the finger pointing by putting his finger practically in plaintiff's eye. Plaintiff further testified that she then pointed her finger at Laepple, at which point he took her left arm, twisted it, and shook her. Plaintiff, then testified that she struck Laepple with her free hand. Plaintiff stated that she had to protect

---

3. However, we note that we find the decision of the Commonwealth Court to be a final judgment. Under Pennsylvania law, "an order is deemed final, unless and until it is reversed." *Philadelphia Electric Co. v. Pennsylvania Public Utility Commission,* 61 Pa. Commw. 285, 433 A.2d 620 (1981). While this rule has been applied to the principal of res judicata, the cases citing the rule deal generally with the conclusiveness of judgment. Therefore, we will apply the rule to this case, and the Commonwealth Court's decision is final, unless and until it is reversed.

herself, and that she was "afraid he would strike me. And to pull myself away, I struck him lightly on the cheek."

A finding by the referee that plaintiff was assaulted by Laepple would have affected the outcome in the unemployment compensation proceeding. If plaintiff had good cause for slapping Laepple, her action would have been justifiable and reasonable and could not have constituted willful misconduct. See *Jones v. Unemployment Compensation Board of Review*, 75 Pa. Commw. 619, 462 A.2d 950 (1983). "A reasonable belief of imminent bodily harm and feared danger of an assault justifies reasonable retaliatory force." *Sun Oil Co. v. Unemployment Compensation Board of Review*, 48 Pa. Commw. 21, 408 A.2d 1169 (1979). Thus, a finding that Laepple assaulted plaintiff would have been relevant to the unemployment compensation proceeding, and was at issue before the referee as part of plaintiff's attempt to show good cause for her actions.

Plaintiff argues that the findings of the board and referee are too vague to form the basis of a summary judgment motion. Plaintiff cites the referee and board's failure to make findings about the forcefulnes of Laepple's action or his intent. However, "where there is nothing on the record to support a conclusion that a claimant's actions were reasonable or justifiable under any circumstances, the board and referee need not set forth specific findings on the issue of good cause." *Jones, supra.* Thus, the lack of specific findings coincided with the finding that plaintiff lacked good cause for slapping Laepple, and does not affect the fact that the question Laepple's behavior towards plaintiff was clearly at issue before the board and referee. Therefore, we find an "identical identity" of issues be-

tween the two proceedings. *Baker v. Pennsylvania Human Relations Commission*, 75 Pa. Commw. 296, 462 A.2d 881 (1983).

Accordingly, we find the doctine of collateral estoppel bars plaintiff from relitigating the facts surrounding her fight with Laepple. Plaintiff's wrongful discharge claim asserts that her discharge violated public policy because it curtailed her right to defend herself. Essential to the wrongful discharge and assault claims is her contention that she was assaulted by Laepple, a contention which she is collaterally estopped from pursuing. Therefore, the collateral estoppel doctrine bars plaintiff's wrongful discharge claim, as well as her assault and battery claim.

Wherefore, we enter the following

### ORDER OF COURT

And now, March 30, 1988, defendants' motion for summary judgment is granted. The clerk of court—civil division—is ordered to enter judgment for both defendants against plaintiff.