Fields *v.* Unemployment Compensation Board of Review.

Argued January 12, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Martin B. Fields,* appellant, for himself.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 5, 1973:

Martin B. Fields, appellant, had been employed by Stanley Blacker, clothing manufacturers, Philadelphia, Pennsylvania, as a packer and stock arranger for a period of approximately two years, and his last day of work was April 16, 1970, when he was discharged.

During the lunch period on that day the appellant observed his foreman setting up a schedule for overtime work that evening and the appellant approached him and inquired who was on the list and whether he was included. He received a negative answer. The appellant thereupon immediately went to a telephone that was close by and called his union headquarters and was advised by the switchboard operator that all of the union officials were out of the city attending a union convention.

Appellant's foreman, having overheard the appellant's telephone conversation to the union headquarters, advised appellant that the preparation of the overtime schedule was no concern of the appellant's, that he was not an official of the union, and that he should not inject himself into these matters. An exchange of words ensued between the appellant and the foreman in the presence of the shop chairman and one or more of the other employees and was culminated by the appellant's making a vulgar remark to the foreman, whereupon the appellant was told, "You are fired."

Appellant filed his claim for unemployment compensation benefits on April 17, 1970, and the Bureau of Employment Security denied benefits for the reason that it determined that appellant had been discharged for willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(e). The appellant appealed and the Referee to whom the appeal was assigned, after a hearing at which appellant and a representative of the employer appeared and testified, affirmed the decision of the Bureau. An appeal was taken to the Board of Review from the Referee's decision and appellant made a request for another hearing. This request was granted and the record discloses that, in fact, three additional hearings were held, during which the appellant and witnesses that he subpoenaed, also witnesses for the employer, appeared and testified. The Board of Review affirmed the decision of the Referee, and this appeal followed. We affirm.

The findings of the Board as to facts, if supported by the evidence, are conclusive. *Progress Manufacturing Company, Inc. v. Unemployment Compensation Board of Review*, 406 Pa. 163, 176 A. 2d 632 (1962). Here there is not only evidence to support the Board's findings of fact but the facts are not in dispute in any significant feature, as the appellant substantially admits the findings of the Board as to the facts. *See Cleaver v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 255, 290 A. 2d 279 (1972). *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972).

Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e), provides, in part, that an employee shall be ineligible for compensation for any

week—"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

The term "willful misconduct" was not defined by the Legislature. As a general principle, the act or course of conduct must be a wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, *a disregard of the standards of behavior which the employer has the right to expect of his employee,* or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest, or of the employee's duties and obligations to the employer. *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 213 A. 2d 221 (1965).

A reading of the record reveals that appellant's vulgarity was unjustified, unprovoked, unnecessary and uncalled for under the circumstances. This constituted willful misconduct justifying a denial of benefits under Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

Order affirmed.