Howard King, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 1, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Andrew Jackson,* with him *Barbara E. Sarkin,* and *Winer and Einhorn,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

576

The Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review have all ruled that the claimant is ineligible for unemployment compensation benefits by reason of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), *i.e.* willful misconduct. We affirm.

Claimant had worked as an accountant for Triangle Publications, Philadelphia, Pa. for four years and eleven months. His record for absenteeism and punctuality had been somewhat less than perfect. His superior had been keeping a current written record on his attendance. On March 1, 1978 claimant called in to request a day of vacation to take his wife to the hospital. On March 2, 1978 his superior had a written memorandum placed on the desk of each of the five members of this department reminding them "of the employer's rules regarding vacation time, absences and the scheduled working hours." On March 3rd claimant personally returned his copy of the memorandum to the supervisor with obscene comments written thereon. In a conversation with his supervisor he used profanity in registering his objections to the memorandum. The supervisor stated he would talk with one Mr. Fox about the matter. Claimant responded "I hate that goddam Jew bastard too."

It is claimant's position that the employer has not carried its burden of proving willful misconduct. A review of the record easily convinces us otherwise.

Since the decision of our Superior Court in *Miller Unemployment Compensation Case,* 196 Pa. Superior Ct. 393, 175 A.2d 119 (1961) and the earlier cases therein cited down through our decisions in *Fields v. Unemployment Compensation Board of Review,* 7 Pa.

Commonwealth Ct. 200, 300 A.2d 310 (1973) and on to *Unemployment Compensation Board of Review v. Tumolo,* 25 Pa. Commonwealth Ct. 264, 360 A.2d 763 (1976) the law in Pennsylvania has been perfectly clear that unprovoked obscene and vulgar language, even in a single instance resulting in discharge, may be the basis for a decision that a claimant is ineligible for unemployment compensation benefits under section 402(e). Judge MENCER's comment in *Fields*[1] is equally applicable here: "A reading of the record reveals that appellant's vulgarity was unjustified, unprovoked, unnecessary and uncalled for under the circumstances. This constituted willful misconduct justifying a denial of benefits under Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e)."

Accordingly, we will enter the following

### ORDER

AND Now, October 23, 1979, the order of the Unemployment Compensation Board of Review dated July 24, 1978, decision No. B-161641, affirming the Referee's determination that claimant is ineligible for benefits is affirmed.

---

[1] *Supra* at 203, 300 A.2d at 311.