John Bush, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 3, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Rosalia Goode Parker,* for petitioner.

*Charles ·G. Hasson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, *Edward G. Biester, Jr.,* for respondent.

OPINION BY JUDGE WILKINSON, JR., January 4, 1980:

This is an appeal from a decision of the Unemployment Compensation Board of Review disallowing the appeal filed by claimant from a decision of a referee that found claimant ineligible for unemployment compensation benefits as a result of his willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The referee made the following two crucial findings of fact:

3. Claimant used profanity on the job.
. . .
7. Claimant altered the employer's records without authority prior to quitting time.

It is clear from the referee's discussion that claimant's alteration of records and his use of profanity on the job constituted disqualifying willful misconduct.

The record reveals that the claimant, during his employment, had received warnings regarding his work performance including using profanity on the job. Claimant admittedly used profanity on the job. On January 16, 1978 claimant altered the employer's records without authority. Claimant also admits to this act. Claimant's conduct was a disregard of the standards of behavior which the employer has the right to expect of an employee. . . .

Unprovoked abusive or offensive language may constitute willful misconduct. *See e.g., Gallagher v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 344, 400 A.2d 926 (1979); and

*Fields v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 200, 300 A.2d 310 (1973). Since the testimony fails to provide any concrete evidence concerning the context in which the profanity was used, we are unprepared to hold on the basis of this record that claimant's admission that he used profanity on the job "[a]t times" is itself sufficient to support a legal conclusion of willful misconduct. It is, however, clear that claimant's unauthorized alteration of hospital records in this case meets the standard of willful misconduct enunciated by the appellate courts of the Commonwealth.

Claimant was employed by Magee Women's Hospital as an orderly for more than two years. His last day of work was January 16, 1978, when during the course of his 3:00 to 11:30 P.M. shift he requested and received permission to leave work at 10:00 P.M. In accordance with hospital practice, claimant was docked for one hour[1] to reflect the early departure, and hospital records were posted to so indicate.

The record reveals, and the referee found, that claimant in fact did not leave work until 10:15 P.M. Before leaving the hospital claimant altered the timesheet to show his actual time on duty. It is undisputed that this action was taken without authority, and from the testimony of claimant we learn that it was done after his request that it be changed was refused by the nurse in charge. The proper procedure in such a situation, known to claimant from past experience, was to bring the matter to the attention of the operating room supervisor for resolution. Without explanation claimant took the matter into his own hands. Claimant's

---

[1] The Court is at a loss to understand why the 10:00 P.M. departure from a 3:00-11:30 P.M. shift would result in the loss of only one hour of compensated time. The apparent discrepancy has, however, no particular significance in this appeal.

actions, knowingly taken without authority and in contravention of a procedure with which he was fully familiar, constitutes a clear breach of the standard of behavior an employer may rightfully expect of its employees and is therefore sufficient to support a finding of willful misconduct.

In the present context, where the interests of patients may be at stake above and beyond any economic interest of the employer, an assurance that employees will conduct themselves prudently and within the bounds of acceptable behavior is especially vital. The potentially devastating consequences which could attend the unauthorized actions of hospital employees can be readily appreciated.

Claimant's argument that the findings of fact are supported by evidence which is not legally competent, *i.e.,* hearsay properly objected to, can be disposed of quickly. The findings from which the conclusion of willful misconduct was drawn—claimant's use of profanity on the job and his unauthorized alteration of hospital records—is established by claimant's own testimony. Here, as recently occurred in *Belton v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 438, 402 A.2d 571 (1979), claimant's own testimony supports the critical findings of fact which might otherwise have been susceptible to challenge under the rule stated in *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

Accordingly, we will enter the following

ORDER

AND Now, January 4, 1980, the order of the Unemployment Compensation Board of Review at decision No. B-159868, dated June 9, 1978, sustaining a denial of benefits by a referee to claimant, John Bush, is hereby affirmed.