Stephen Tisak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 21, 1980, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Joseph M. Olimpi*, for petitioner.

*Steven R. Marcuse*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, January 30, 1981:

Stephen Tisak (petitioner) has appealed from a decision of the Unemployment Compensation Board of Review (Board) which denied benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e) (dealing with willful misconduct). We affirm.

Based upon substantial evidence, the referee found:

1. Claimant was last employed by Townsend & Bottum, Inc. as a truck driver at a base pay of $9.15 per hour from June 20, 1978 until January 18, 1979 his last day of work.

2. On January 18, 1979 claimant was discharged for refusing to follow a direct order from the superintendent to park his truck at a specific area to be loaded.

3. Claimant refused to comply with the superintendant's order contending that the

fumes from a cherry picker, parked idling nearby, were detrimental to his health.

4. Claimant was advised several years ago to change his job and the last time the claimant saw a doctor was four years ago.

5. Claimant was working outside and he was not confined to an enclosed area.

The sole issue in this appeal is whether these findings support the legal conclusion that the petitioner's actions constituted willful misconduct. We hold that they do.

In *Belton v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 438, 402 A.2d 571 (1979), a postal employee had refused to obey the instructions of his supervisor to load a four-wheeled hamper onto a delivery truck. This Court upheld a denial of unemployment compensation benefits because the conduct of the claimant amounted to "a disregard of the standards of behavior an employer has the right to expect of an employee." *Id.* at 441, 402 A.2d at 572. In *Belton,* we stated the general rule that "an employee's repeated direct refusals to perform a duty assigned or follow instructions constitutes (*sic*) willful misconduct.... In analyzing a claimant's refusal, however, we must examine all the circumstances, including the reasonableness of the employer's request and claimant's reason for noncompliance." *Id.* at 441, 402 A.2d at 572-73 (citations omitted). In short, the refusal of an employee to follow orders will constitute willful misconduct unless the orders are unreasonable or the employee has a good reason for his actions.

In this case, we are unable to say that the order was unreasonable. Further, the only evidence offered by the petitioner to justify his action consisted of 1) his own statement of belief that the fumes from the cherry picker would be harmful and 2) his own statement that an unidentified doctor had told him some four

years or more previously that he should change jobs for an unspecified reason. This evidence was insufficient to establish good cause for the refusal to obey orders.

The petitioner's assertion that the fumes from the cherry picker threatened his health was unsubstantiated. Both a safety inspector and a union steward investigated the petitioner's complaints at the time he was discharged, and the petitioner could have called them to testify. He did not.[1] Also, the employer offered direct testimony and maintenance records to show that the fumes did not pose a safety threat.[2]

The petitioner tried to show that the fumes posed a special danger to him because of his lung condition. He stated that he had been advised by a doctor to change jobs. Even if we ignore the obvious hearsay problems, however, this evidence was of little value since it did not specifically deal with health problems which existed at the time the petitioner refused to park the truck. *See Elshinnawy v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974). In addition, we note that this advice was given at least two years *before* the petitioner accepted employment with Townsend & Bottum, Inc.

Considering all of the circumstances, we can find no error in the referee's conclusion that the petitioner's refusal to park the truck as directed constituted willful misconduct. Therefore, we enter the following

---

[1] This Court has held that the burden is on the claimant in a case such as this to show good cause for his refusal to obey the employer's orders. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

[2] The testimony of both the employer and the petitioner showed that the wind would have blown the fumes away from the driver's side of the truck if the petitioner had parked it where directed.

ORDER

AND Now, this 30th day of January, 1981, the decision of the Unemployment Compensation Board of Review, dated May 9, 1979, which denied benefits to Stephen Tisak, is hereby affirmed.