William Alderman, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, June 5, 1981, to Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Edward Sparkman,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, September 22, 1981:

William Alderman, Jr. (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) denying him benefits pursuant to Section 402(e) of the Unemployment Compensation Law,[1] the wilful misconduct provision. We affirm.

Claimant was last employed as a punch press operator for Penco Products, Inc. (Penco). On January 28, 1980, Claimant's last day of work, two of Claimant's supervisors, Mr. Pitt and Mr. Lind, assigned Claimant to work on punch press No. 1202. Before Claimant could begin working on this machine, however, Mr. Pitt and Mr. Lind discovered that punch press No. 1213 was ready to begin production, and decided to reassign Claimant to this machine since it was a high priority job.

When Mr. Lind subsequently informed Claimant that he was being reassigned, Claimant, apparently dissatisfied with this reassignment, demanded to speak to Mr. Pitt. When this request was denied, Claimant then demanded to speak to his shop steward, and Mr. Lind subsequently agreed to permit the shop steward to visit Claimant at his machine. Shortly thereafter, Claimant approached Mr. Pitt and Mr. Lind, who were having a meeting in the shop, interrupted their conversation, and demanded to know from Mr. Pitt if he was in fact reassigned to punch press 1213. Although there was conflicting testimony presented before the referee as to what Claimant said during this meeting, the Board found, based on substantial evidence in the record, that Claimant "directed loud, obscene and abusive language to . . . [Mr. Pitt and Mr. Lind] concerning the assignment

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

change." After being informed by Mr. Pitt that he was in fact assigned to punch press 1213, Claimant returned to that machine and worked there until the end of the day when he was informed that he was being placed on a three-day suspension because of his insubordination. After arguing with Mr. Pitt and Mr. Lind about whether he should be placed on suspension, Claimant accepted his suspension notice and went home. Shortly thereafter, Penco converted Claimant's suspension into a permanent dismissal.

Before this Court, Claimant alleges that the Board erred as a matter of law by concluding that he was discharged for willful misconduct. We disagree.

"[T]he law in Pennsylvania ... [is] perfectly clear that unprovoked obscene and vulgar language, even in a single instance resulting in discharge, may be the basis for a decision that a claimant is ineligible for unemployment compensation benefits under Section 402(e)." *King v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 575, 577, 406 A.2d 1211, 1212 (1979). *See also, Bush v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 291, 409 A.2d 523 (1980); *Unemployment Compensation Board of Review v. Tumolo*, 25 Pa. Commonwealth Ct. 264, 360 A.2d 763 (1976); *Fields v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 200, 300 A.2d 310 (1973). After carefully reviewing the record in this case we believe Judge MENCER's comment in *Fields* is equally applicable here: "A reading of the record reveals that appellant's vulgarity was unjustified, unprovoked, unnecessary and uncalled for under the circumstances. This constitutes willful misconduct justifying a denial of benefits under Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e)." *Id.* at 203, 300 A.2d at 311.

Accordingly, we will enter the following.

ORDER

AND NOW, September 22, 1981, the Decision and Order of the Unemployment Compensation Board of Review, dated June 17, 1980, Decision No. B-185139, is affirmed.