IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ruth Rearick, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 704 C.D. 2018 |
| | : | SUBMITTED: December 21, 2018 |
| Unemployment Compensation Board of | : | |
| Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                   HONORABLE P. KEVIN BROBSON, Judge
                   HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                                    FILED:  January 31, 2019

Ruth Rearick (Claimant) petitions for review, *pro se*, of the May 3, 2018 Order of the Unemployment Compensation Board of Review (Board) affirming the Referee's decision to deny Claimant unemployment compensation (UC) benefits.  The Board concluded that Claimant was ineligible for UC benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] because she was discharged from work for willful misconduct.  We affirm the Board's Order.

## Background

Claimant worked as a full-time store manager for Dollar General (Employer) from May 23, 2013 through January 10, 2018.  Bd.'s Finding of Fact (F.F.) No. 1.[2]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law states that an employee shall be ineligible for UC benefits for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work."  43 P.S. § 802(e).

[2] The Board adopted and incorporated the Referee's Findings of Fact and Conclusions of Law in their entirety.  Bd.'s Order at 1.

Employer has a written policy that provides for an employee's immediate termination for the use of profane or abusive language in the workplace, including gender, racial, ethnic, and religious slurs. *Id.* No. 2.[3] Claimant was aware of Employer's policy. *Id.* No. 3.

On or about November 21, 2017, Employer's district manager was informed that Claimant had uttered a gender slur in the workplace. *Id.* No. 4. Employer began investigating the incident, and the human resources department directed the district manager to interview other employees in the store. *Id.* No. 5. On November 30, 2017, as part of the investigation, Claimant was required to provide a written statement. *Id.* No. 6. In that statement, Claimant described an unrelated incident in which Claimant had placed condoms inside a co-worker's purse. The statement did not mention Claimant's use of profanity in the workplace. *Id.*; Notes of Testimony (N.T.), 3/7/18, at 6; *see* R. Item No. 7.

In early January 2018, Employer's human resources department advised the district manager that Claimant needed to provide an additional written statement regarding her use of profanity in the workplace in November 2017. Bd.'s F.F. No. 7; N.T., 3/7/18, at 6. On January 5, 2018, Claimant prepared and signed a second written statement, in which she admitted to previously stating to a co-worker, "I'm sick of that cunt and if he wanted he could talk to a lawyer also. This statement is to the best of my knowledge because it has been so long ago." Bd.'s F.F. No. 8. On January 10, 2018, Employer discharged Claimant for her use of profanity in the workplace. *Id.* No. 9.

---

[3] Employer's written policy states: "[Employer] has listed below a number of the offenses that we consider to be serious enough to result in discipline, up to and including termination, even for a single offense." Record (R.) Item No. 7. One offense in that list is "[u]se of profane or abusive language in the workplace including, but not limited to, use of racial, gender, ethnic or religious slurs." *Id.*

Claimant filed a claim for UC benefits with the local Service Center. The Service Center found that Employer did not provide sufficient information to show that Claimant had used profanity in the workplace. Notice of Determination, 2/5/18, at 1. Because Employer failed to satisfy its burden of proof, the Service Center determined that Claimant was not ineligible for UC benefits under Section 402(e) of the Law. *Id.*

Employer timely appealed to the Referee, who held a hearing on March 7, 2018. At the hearing, Claimant appeared with counsel and testified on her own behalf. Claimant also presented the testimony of her former co-worker, Lon Goldstrohm, who was present when Claimant allegedly uttered the profanity. Employer appeared with a tax consultant representative and presented the testimony of Kasey Smith, Employer's district manager who investigated the incident. Following the hearing, the Referee reversed the Service Center's decision, concluding:

> [E]mployer has shown the existence of [its] policy and [C]laimant's knowledge and violation of that policy. [C]laimant contends that she did not violate [E]mployer's policy and that she wrote the statement only because she was being coerced to do so by her district manager. The Referee does not find [C]laimant's testimony to be credible. The Referee finds that [C]laimant violated [E]mployer's policy when she used a derogatory gender slur resulting in her termination.

Ref.'s Order at 2. Therefore, the Referee concluded that Claimant was ineligible for UC benefits under Section 402(e) of the Law. *Id.* at 3.

Claimant timely appealed to the Board, which affirmed the Referee's decision. The Board adopted the Referee's Findings of Fact and Conclusions of Law and determined that Claimant was ineligible for UC benefits under Section 402(e) of the Law. Bd.'s Order at 1. Claimant now petitions for review of that decision.[4]

---

[4] Our scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

**Analysis**

Our Court has defined "willful misconduct" as a wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior that the employer has a right to expect of its employees, or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations. *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486-87 (Pa. Cmwlth. 2014). An employer seeking to prove that a claimant committed willful misconduct by violating a work policy "must demonstrate the existence of the policy, its reasonableness, and its violation." *Klampfer v. Unemployment Comp. Bd. of Review*, 182 A.3d 495, 500 (Pa. Cmwlth. 2018). If the employer satisfies its burden of proving "the existence of a reasonable work rule and its deliberate violation, [then] the burden shifts to the claimant to demonstrate good cause for violating the rule." *Chester Cmty. Charter Sch. v. Unemployment Comp. Bd. of Review*, 138 A.3d 50, 54 (Pa. Cmwlth. 2016).

Here, Employer credibly established, through Ms. Smith's testimony, that it had a policy prohibiting the use of profanity and vulgarity in the workplace and that Claimant knew of that policy. Bd.'s F.F. Nos. 3, 7. The policy provided that a violation could result in an employee's immediate termination from employment. *Id.* No. 2; *see* R. Item No. 7. Employer also established that Claimant violated its policy by stating to a co-worker, "I'm sick of that cunt . . . ." Bd.'s F.F. No. 8; *see* R. Item No. 7.

At the hearing, Ms. Smith testified that: she did not coerce or threaten Claimant; she was complying with the directive from human resources in requesting the second written statement; and Claimant did not object to writing the statement. N.T., 3/7/18, at 6-7, 14. In contrast, Claimant testified that Ms. Smith threatened and coerced her into preparing the statement and admitting to the use of profanity. *Id.* at 9-11. The

4

Board, however, specifically discredited Claimant's testimony that she was coerced into writing the statement. Bd.'s Order at 1; Ref.'s Order at 2. It is well settled that the Board is the ultimate factfinder in UC cases and empowered to determine the credibility of witnesses. *Curran v. Unemployment Comp. Bd. of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). Notably, although Claimant argues that her entire written statement was coerced, Claimant testified that the *only* portion of the statement that was untrue was her use of the word "cunt." N.T., 3/7/18, at 10.

Where the Board's factual findings are supported by substantial, credible evidence, those findings are conclusive on appeal. *Brandt v. Unemployment Comp. Bd. of Review*, 643 A.2d 78, 79 (Pa. 1994). Based on Claimant's written admission and Ms. Smith's testimony, we conclude that the record contains substantial evidence to support the Board's finding that Claimant deliberately violated Employer's policy by using profane language in the workplace.

Because Employer satisfied its burden of proof, the burden then shifted to Claimant to establish good cause for violating Employer's policy. Claimant testified that she did not use the word "cunt" in the workplace, and Mr. Goldstrohm testified that he did not *recall* Claimant using that word during the conversation in question. N.T., 3/7/18, at 10, 13. Because Claimant simply denied that she had uttered a vulgarity in the workplace, we conclude that she failed to demonstrate good cause for violating Employer's policy.[5]

---

[5] In her appeal to the Board, Claimant also argued that Employer failed to comply with the disciplinary procedures in its Internal Investigations Policy and its People Management Policy before terminating her employment. *See* Pet. for Appeal, 3/22/18, at 1; Claimant's Br. at 7-9. However, because Claimant did not raise this issue before the Referee, it is waived. *See Dehus v. Unemployment Comp. Bd. of Review*, 545 A.2d 434, 436 (Pa. Cmwlth. 1988).

In her appellate brief, Claimant also challenges Employer's failure to admit into evidence Mr. Goldstrohm's written statement regarding the incident. Claimant's Br. at 4-5, 10. However, Claimant

## Conclusion

Based on the evidence of record, we conclude that Claimant was discharged for willful misconduct under Section 402(e) of the Law and is, therefore, ineligible for UC benefits. Accordingly, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

---

did not object to the record exhibits identified at the outset of the hearing. *See* N.T., 3/7/18, at 3. Furthermore, Mr. Goldstrohm was present at the hearing and testified to his recollection of the incident and to the content of his written statement.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruth Rearick,                          :
                 Petitioner         :
                              :
      v.                               :   No. 704 C.D. 2018
                              :
Unemployment Compensation Board of :
Review,                                :
               Respondent         :

## O R D E R

AND NOW, this 31st day of January, 2019, the Order of the Unemployment Compensation Board of Review, dated May 3, 2018, is hereby AFFIRMED.

 

                                   _____
                                   ELLEN CEISLER, Judge