IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole Harps,                          :
                        Petitioner    :
                                :
        v.                     : No.  674 C.D. 2023
                                : Submitted:  June 6, 2024
Unemployment Compensation              :
Board of Review,                       :
                  Respondent  :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED:  July 19, 2024


      Nicole Harps (Claimant), *pro se*, petitions for review of the May 17, 2023 order of the Unemployment Compensation (UC) Board of Review (Board) affirming the decision of a UC Referee to dismiss Claimant's appeal as untimely.  Upon review, we affirm.

## I.    Background

      Claimant worked for Arc Human Services, Inc. (Employer) as a home health aide.  *See* Certified Record (C.R.), Item No. 1.  On July 8, 2022, Claimant filed for UC, alleging she voluntarily quit her employment on July 3, 2022, due to a safety issue in the workplace.  *See id.*, Items No. 1, 2.  In response, Employer alleged Claimant quit her employment for personal reasons and did not "take action to avoid quitting."  *See id.*, Item No. 3.

On September 15, 2022, the Pennsylvania Department of Labor & Industry (Department) issued Claimant a Disqualifying Separation Determination (Determination). *See* C.R., Item No. 4. In the Determination, the Department indicated it investigated Claimant's allegations of a workplace safety issue. *Id.* The Department determined "[i]nformation provided shows that the conditions that existed did not warrant separation from employment." *Id.* As a result, the Department concluded Claimant was ineligible for UC benefits under Section 402(b) of the UC Law[1] (UC Law), 43 P.S. § 802(b). C.R., Item No. 4.

The Determination informed Claimant, "[y]ou have 21 days from the determination date on this letter to file an appeal. This means your appeal must be received or postmarked **by 10/06/2022**." *Id.* (emphasis added). The Determination included detailed appeal instructions, explaining, "[y]our appeal must include the claimant's name; address; Social Security number; the date of the determination being appealed; determination number (if known); the reason for the appeal; and the name and address of the individual filing the appeal." *Id.* The appeal instructions also included step-by-step instructions for filing an appeal online and indicated "[t]he filing date is the date recorded by the Department Electronic Unemployment System." *Id.* In addition, the Determination included a fill-in-the-blank appeal form Claimant could complete and submit by fax, e-mail, or mail. *Id.* Finally, the Determination indicated that once an "appeal is received and processed, an Acknowledgement of UC Appeal will be issued to you as notification that it has been processed." *Id.*

Claimant filed an appeal from the Determination on October 26, 2022. C.R., Item No. 6. In her appeal, Claimant alleged she filed an appeal on September 26,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

2

2022, by submitting "fact findings and court documents." *Id.* On October 28, 2022, the Department mailed Claimant an Acknowledgement of UC Appeal to Referee letter, confirming receipt of Claimant's October 26, 2022 appeal. *Id.*, Item No. 7. By letter dated December 9, 2022, the Department informed Claimant it scheduled her appeal hearing. *Id.*, Item No. 9.

On January 17, 2023, a UC Referee conducted Claimant's appeal hearing. *See* C.R., Item No. 16. At the hearing, the Referee explained to Claimant that her appeal was filed late, and she bore a heavy burden of proving why her appeal should be considered timely filed. *Id.* at 7. Claimant then testified that she appealed on September 26, 2022. *Id.* at 8. Claimant explained she was uploading exhibits, such as screenshots and text messages, to the UC online system on September 24, 2022, and September 26, 2022. *Id.* at 10. Claimant also admitted those documents were not an appeal, but Claimant asserted she also filed an appeal on September 26, 2022. *Id.* Nevertheless, Claimant admitted she did not receive a confirmation that she filed an appeal on September 26, 2022, nor did she have any evidence to prove she filed an appeal that day. *Id.*

> The UC Referee issued the following relevant findings of fact:
>
> 2. The Claimant received the . . . Determination.
>
> 3. The [Determination] informed both parties that October 6, 2022 was the last day to file a timely appeal.
>
> 4. On September 24, 2022 and September 26, 2022, the Claimant emailed multiple screen prints of text messages to the Department to show that she had good cause for leaving her job.
>
> 5. On October 26, 2022, the Claimant filed an appeal to [the Determination.]

*Id.*, Item No. 17. Thereafter, the UC Referee determined

3

the record includes no documentation of an appeal filed prior to the 21-day appeal deadline. The record is replete with documents that the Claimant emailed to the Department on September 26, 2022, but none of the documents in the file could be construed as a letter of appeal. The Claimant has not shown that there was fraud or a breakdown in the administrative process which may have caused the late appeal. The provisions of [the UC Law] are mandatory, and the Referee has no jurisdiction to allow any appeal filed after the expiration of the statutory appeal period.

*Id.* As a result, the UC Referee dismissed Claimant's appeal as untimely. *Id.*

Claimant appealed the UC Referee's decision to the Board. *See* C.R., Item No. 18. In her appeal to the Board, Claimant alleged the UC online system timed her out, and system errors prevented her from timely filing her appeal. *Id.* The Board, "after considering the entire record in this matter, conclude[d] that the determination made by the Referee . . . [was] proper under the [UC Law]." *Id.*, Item No. 20. Accordingly, the Board adopted and incorporated the UC Referee's findings and conclusions. *Id.* The Board noted "the [C]laimant asserts she has proof that she attempted to file an appeal . . . but was timed out of the system. However, the [C]laimant did not testify to this at the hearing or submit proof into the record at the hearing, and there is no evidence of system outages . . . ." *Id.* Therefore, the Board affirmed the UC Referee's decision and dismissed Claimant's appeal as untimely.

Claimant appealed the Board's decision to this Court. On appeal, Claimant requests that this Court examine the information she submitted to the Board as proof she attempted to file a timely appeal. *See* Claimant's Br. at 10-12. Claimant also argues the Board's order was invalid because there were only two members[2] on the Board at the time the Board decided her case.

---

[2] Although the Board "consist[s] of three members," Section 203(a) of the UC Law provides that "[t]wo members of the [B]oard shall constitute a quorum, and no action of the Board shall be valid unless it shall have the occurrence of at least two members." 43 P.S. § 763(a). The Board's **(Footnote continued on next page…)**

## II.    Analysis

We review the Board's orders to determine whether substantial evidence supports the Board's findings of fact, the Board violated a claimant's constitutional rights, the Board violated agency practice and procedure, or the Board committed an error of law.   *See* 2 Pa.C.S. § 704.  The Board's findings of fact "are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings." *Brandt v. Unemployment Comp. Bd. of Rev.*, 643 A.2d 78, 79 (Pa. 1994) (citations omitted).  "Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion."  *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. 1986) (citation omitted).  "In determining whether substantial evidence exists to support the Board's findings, we must examine the testimony in the light most favorable to the prevailing party below, giving that party the benefit of any inference which can be drawn logically and reasonably from the evidence." *Id.*  "In determining whether the Board erred in issuing its findings, this Court is bound by the record below, and we cannot accept allegations of fact that are not supported by record evidence."  *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 477, 484 (Pa. Cmwlth. 2021) (citation omitted).

Here, Claimant asserts she attempted to file an appeal on September 26, 2022, while she was emailing and uploading other documents to the UC system.  Claimant also asserts the system timed her out and prevented her from filing her appeal.  Claimant did not, however, admit any evidence into the record before the UC Referee to substantiate her assertions.  Instead, she acknowledged she did not receive

decision in this case was rendered by two members.  Therefore, Claimant's arguments regarding the third Board position being vacant at the time of the Board's decision is without merit.

5

a confirmation that she filed an appeal in September 2022. Claimant ultimately filed an appeal on October 26, 2022, well after the expiration of the 21-day appeal period.

We, like the Board, are "bound by the record below, and . . . cannot accept allegations of fact that are not supported by record evidence." *Harris*, 247 A.3d at 484. When viewed in the light most favorable to Employer, as the prevailing party below, we must conclude that substantial evidence admitted before the UC Referee supports the Board's findings of fact. In addition, we discern no errors of law in the Board's determination.

### III.    Conclusion

For the reasons set forth above, we affirm the Board's May 17, 2023 order dismissing Claimant's appeal as untimely.

_____
STACY WALLACE, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole Harps,                           :
                    Petitioner          :
                                        :
         v.                             : No.  674 C.D. 2023
                                        :
Unemployment Compensation               :
Board of Review,                        :
                    Respondent  :

# **O R D E R**

    **AND NOW**, this 19th day of July 2024, the May 17, 2023 order of the Unemployment Compensation Board of Review is hereby **AFFIRMED**.

 

 

_____

STACY WALLACE, Judge